UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: | |
| | CASE NO.      18-50071 (JAM) |
| VLADIMIR AVIDON | |
|     Debtor. | CHAPTER      7 |
| | |
| ANATOLIY GUREVICH, AND | |
| FRASER LANE ASSOCIATES, LLC, | ADV. PRO. NO.   18-05018 (JAM) |
|     Plaintiffs. | |
| | ECF NO.        15 |
|     v. | |
| | |
| VLADIMIR AVIDON | |
|     Defendant. | |

**MEMORANDUM OF DECISION ON MOTION TO DISMISS**

**I.    Introduction**

In this adversary proceeding, Anatoliy Gurevich ("Plaintiff Gurevich"), and Fraser Lane Associates, LLC ("Plaintiff Fraser Lane"), filed a two-count Complaint against Vladimir Avidon (the "Defendant"), pursuant to 11 U.S.C. §§ 727(a)(4) and 523(a)(2)(A)[1] (the "Complaint"). In Count One of the Complaint, the Plaintiffs object to the Defendant receiving a discharge in his Chapter 7 case. Count Two of the Complaint seeks to have certain debts owed by the Defendant to the Plaintiffs declared nondischargeable under § 523(a)(2)(A). The Defendant filed a Motion to Dismiss the Complaint. For the reasons discussed below, the Motion to Dismiss is **GRANTED** in part and **DENIED** in part, and Count Two of the Complaint is dismissed without prejudice to amend.

---

[1] Unless otherwise specified, all future statutory references are to Title 11 of the United States Code.

## II. Background

On January 22, 2018, the Defendant filed his Chapter 7 case. At the time the Defendant filed his Chapter 7 case, there was a pending Connecticut Superior Court action commenced by Plaintiff Fraser Lane against the Defendant. Plaintiff Gurevich had also commenced a Connecticut Superior Court action against the Defendant before his Chapter 7 case was filed, but withdrew the claims it had asserted against the Defendant in that action on December 21, 2017.

On May 1, 2018, the Plaintiffs commenced this adversary proceeding by filing the Complaint. According to the Complaint, Plaintiff Gurevich is a managing member of Plaintiff Fraser Lane, and the Defendant was or is a member or officer of various corporate entities. On July 16, 2018, the Defendant filed a Motion to Dismiss the both counts of the Complaint (the "Motion to Dismiss," ECF No. 15)[2]. On September 6, 2018, the Plaintiffs filed a Memorandum of Law in Opposition to the Motion to Dismiss (ECF No. 25).

### A. Fraser Lane State Court Action

On January 19, 2007, an entity known as 800 Seaview executed a promissory note in the amount of $3,200,000.00 in favor of Plaintiff Fraser Lane (the "Fraser Note"). On the same day, the Defendant and Mr. Creighton M. English jointly executed a guaranty agreement (the "Guaranty Agreement"), guaranteeing the payments of the Fraser Note. On June 4, 2014, the Defendant, personally and on behalf of 800 Seaview, executed an acknowledgement and reaffirmation of the debts owed to the Plaintiffs (the "Reaffirmation").

Upon default of the Fraser Note and the Guaranty Agreement, on October 26, 2015, Plaintiff Fraser Lane commenced a lawsuit in the Connecticut Superior Court against the Defendant and Mr. English, alleging, *inter alia*, breach of contract, fraud, and misrepresentation

---

[2] Unless otherwise specified, all future docket references are to the docket in this adversary proceeding

(the "Fraser Lane State Court Action")[3]. On May 10, 2016, Plaintiff Fraser Lane filed an amended complaint which removed the fraud allegations it had asserted against the Defendant.

### B. Gurevich State Court Action

On November 22, 2011, the Defendant, Mr. English, and E2A, LLC ("E2A"). executed a promissory note in the amount of $400,000.00 in favor of Plaintiff Gurevich (the "Gurevich Note"). Upon default of the Gurevich Note, on August 31, 2017, Plaintiff Gurevich commenced a lawsuit in the Connecticut Superior Court against the Defendant, Mr. English, and E2A, alleging, *inter alia*, breach of contract and unjust enrichment (the "Gurevich State Court Action")[4]. On December 21, 2017, Plaintiff Gurevich withdrew all claims against the Defendant and Mr. English, leaving the case pending only against E2A. On November 26, 2018, a Motion for Judgment in Accordance with Stipulation was filed by the parties (the "Motion for Stipulated Judgment"), in which E2A stipulated to a judgment entering against it in the amount of $400,000.00. The Defendant signed the Motion for Stipulated Judgment as a managing member of E2A. On December 10, 2018, Connecticut Superior Court entered an Order Granting the Motion for Stipulated Judgment.

**III.    Analysis**

In reviewing a Motion to Dismiss filed under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"), a court must accept all well-pleaded facts as true and construe them in the light most favorable to the non-moving party. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A party is permitted to use a Rule 12(b)(6) Motion to Dismiss to challenge a complaint on statute of limitation grounds. *Lesti v. Wells Fargo Bank, N.A.*, 960 F. Supp. 2d 1311, 1316-17 (M.D. Fla.

---

[3] The Fraser Lane State Court Action is entitled *Fraser Lane Associates, LLC. v. English, et al.*, Case No. FBT-CV15-6053059.
[4] The Gurevich State Court Action is entitled *Anatoliy Gurevich v. E2A, LLC et al.*, Case No. FBT-CV17-6066521S.

2013).

In order to determine the dischargeability of a debt, a court must determine whether a debtor owes a debt within the meaning of the Bankruptcy Code.[5] The Bankruptcy Code defines the term "debt" to mean "liability on a claim," 11 U.S.C. § 101(12), and "claim" is defined as a "right to payment, whether or not such right is reduced to judgment…." 11 U.S.C. § 101(5). In order to establish a debt for nondischargeability purposes, "a plaintiff must [] meet any timeliness requirements established by the non-bankruptcy law…". *In re Bak*, 2013 WL 653073, at \*7; *see also In re McKendry*, 40 F.3d at 337. Therefore, a timely commenced state court action[6] is sufficient to establish a debt, and if such debt exists, a court must determine whether a plaintiff timely commenced a nondischargeability action pursuant to Fed. R. Bankr. P. 4007(c). *See, e.g., In re Bak*, 2013 WL 653073, at \*7; *see also In re McKendry*, 40 F.3d at 337.

The Defendant asserts the following three (3) arguments in the Motion to Dismiss: (i) the Complaint is barred by res judicata or collateral estoppel because the Plaintiff either withdrew or did not pursue the claims the Defendant in state court; (ii) the claims are time barred under Conn. Gen. Stat. §§ 52-577 and 52-584; and (iii) the Complaint fails to state a claim upon which relief can be granted.

As to the first argument, the doctrine of res judicata does not apply in this adversary proceeding. *See Brown v. Felsen*, 442 U.S. 127, 129-30 (1970). Collateral estoppel does not

---

[5] *See, e.g., In re Bak*, 2013 WL 653073, at \*7 (Bankr. D. Conn. Feb. 20, 2013) (discussing case law holding that "in addition to meeting the 60-day time deadline established by Fed. R. Bankr. P. 4007(c) for the bringing of a non-dischargeability action, a plaintiff must also meet any timeliness requirements established by the non-bankruptcy law applicable to the case at hand. In other words, if non-bankruptcy law requires that a lawsuit to establish liability on any viable ground be brought prior to applicable statutes of limitations, and the creditor has not done so, then the debt cannot be established for non-dischargeability purposes."); *see also In re McKendry*, 40 F.3d 331, 337 (10th Cir. 1994).

[6] *See In re Bak*, 2013 WL 653073, at \*7 n.5 (discussing case law holding that "[a]s long as the debt was 'established' prior to the running of statutes of limitation[s], it is irrelevant whether the plaintiff's allegations in a prior state court suit corresponded to the grounds for nondischargeability under [§ 523].").

4

apply because "withdrawal [of a claim] does not conclude the prior litigation on the merits in a way that is sufficient to support a claim of … collateral estoppel." *Lanphier Day Spa, Inc. v. Urstadt Biddle Properties, Inc.*, 2017 WL 2817616, at *6 (Conn. Super. Ct. June 2, 2017); *see also Schupak v. Califano*, 454 F. Supp. 105, 113-14 (E.D.N.Y. 1978) ("Neither [r]es judicata nor collateral estoppel is traditionally applicable to [voluntary dismissal without prejudice].") (citing *Hill v. W. Bruns & Co.*, 498 F.2d 565, 567 n.2 (2d Cir. 1974); *In re Piper Aircraft Dist. Sys. Antitrust Lit.*, 551 F.2d 213, 219 (8th Cir. 1977)).

Turning to the Defendant's second and third arguments in the Motion to Dismiss, the Defendant executed the Guaranty Agreement in favor of Plaintiff Fraser Lane and the Gurevich Note in favor of Plaintiff Gurevich (collectively, the "Agreements"). Subsequently, the Defendant failed to make payments under the Agreements, supporting the allegations in the Complaint that a debt is owed by the Defendant to the Plaintiffs. The allegations in the Complaint relate back to the common core of operative facts raised in the State Court Actions, neither of which were dismissed as being barred by Conn. Gen. Stat. §§ 52-577 or 52-584. In viewing the Complaint in the light most favorable to the Plaintiffs, the Court finds that a Rule 12(b)(6) dismissal on statute of limitation grounds is not appropriate.[7] *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) ("[A] Rule 12(b)(6) dismissal on statute of limitation[] grounds is appropriate only if it is 'apparent [on] the fact of the complaint' that the claim is time-barred.") (quoting *Omar v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003)).

Finally, the Motion to Dismiss seeks to dismiss the Complaint in its entirety. As to the Count One § 727(a)(4) claim, the Complaint alleges that the Defendant did not disclose his ownership interest in various corporate entities in his Amended Statement of Financial Affairs

---

[7] For those reasons, there is no need to address the issue of whether the Reaffirmation executed by Mr. Avidon restarted the applicable statutes of limitations.

filed with the Court (ECF No. 10, Case No. 18-50071). This allegation sufficiently alleges a § 727(a)(4) claim and therefore the Motion to Dismiss Count One of the Complaint is denied.

The Count Two § 523(a)(2)(A) cause of action alleges that the Defendant made false and misleading statements in order to obtain loans from the Plaintiffs, and that the Defendant failed to make payments pursuant to the terms of the Agreements. The Plaintiffs' factual allegations surrounding the Defendant's conduct with respect to the "false pretenses, a false representation, or actual fraud" § 523(a)(2)(A) claim are mere "labels and conclusions" and therefore fail to state a claim under Rule 12(b)(6). *Twombly*, 550 U.S. at 555.

### IV.    Conclusion

For the reasons set forth above, it is hereby

**ORDERED**: The Motion to Dismiss is **GRANTED** in part and **DENIED** in part, and Count Two of the Complaint is dismissed; and it is further

**ORDERED**: The Plaintiffs are granted leave to file an Amended Complaint at or before 4:00 p.m. on March 21, 2019.

Dated at Bridgeport, Connecticut this 21st day of February, 2019.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut